UNITED STATES DISTRICT COURT
                            DISTRICT OF SOUTH CAROLINA

| John Robert Demos, Jr., # 287455, | ) | C/A No. 8:09-3160-HMH-BHH |
| --- | --- | --- |
| Plaintiff | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| The State of Washington; The United States, | ) | |
| Defendant. | ) | |

The plaintiff, John Robert Demos, Jr., is currently incarcerated at the McNeil Island Correctional Center in Steilacoom, Washington. He files this matter against the State of Washington and the United States of America. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This Court may take judicial notice of its own books and records. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

                                   BACKGROUND

The plaintiff has no apparent connection with the State of South Carolina; however, this is the fifth pleading he has filed in this District. In Civil Action No. 8:03-3882-HMH, the plaintiff was "struck out" pursuant to 28 U.S.C. § 1915(g) and placed under an order of pre-filing review. In that matter, the assigned United States Magistrate Judge noted that since 1991 the plaintiff has filed over 450 lawsuits in various federal courts. *See Demos vs. the Governor of the State of Washington, et. al.*, Civil Action No. 8:03-3882-HMH (D.S.C. 2004). In the above-captioned matter, the plaintiff asks for a declaratory judgment and poses three (3) questions for the Court

regarding a circuit split on an issue of waiver upon the entry of a guilty plea: : 1) "Can the Circuits conflict?"; 2) "What is the remedy when the circuits conflict? 125 S.Ct. 2655"; and 3) "Is the issue of guilty plea's (sic) one of constitutional magnitude? 551 F.2d 180." Complaint at 3. The plaintiff's interest in these questions apparently relates to his allegation that his court-appointed trial attorney essentially entered a guilty plea without his consent by telling the jury that "'I have been appointed by the court to represent Mr. Demos, but in my opinion I thing that my client is guilty." Complaint at 2. Construing the case liberally, the plaintiff is either seeking a declaratory judgment or habeas relief. However, we do not reach the merits of this case because the plaintiff is subject to the three-strikes provision of 28 U.S.C. § 1915(g) and a prefiling injunction.

STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

THE THREE STRIKES RULE

It is not necessary to address the merits of the plaintiff's present complaint, because he has "struck out" under the so-called "three strikes" rule of the Prison Litigation Reform Act (PLRA):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). It appears from the public records of the United States District Courts in forty-eight (48) states, the District of Columbia, Puerto Rice and the United States Federal Claims Court that since 1991 the plaintiff has filed over four hundred fifty (450) lawsuits. On August 5, 1996, less than five months after the effective date of the PLRA, he filed five actions in the United States District Court for the District of Columbia. All five actions were dismissed as frivolous that same day. *See Demos v. Greenspan,* Civil Action No. 1:96-cv-01826 (D.C.D.C. 1996); *Demos v. Director, Mint Office,* Civil Action No. 1:96-cv-01825 (D.C.D.C. 1996); *Demos v. Director, Patent Office,* Civil Action No. 1:96-cv-01824 (D.C.D.C. 1996); *Demos v. Director, Census Bureau*, Civil Action No. 1:96-cv-01823 (D.C.D.C. 1996); *Demos v. Internal Revenue Service,* Civil Action No. 1:96-cv-01822 (D.C.D.C. 1996).

Federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue. *Colonial Penn Ins. Co. V. Coil*, 887 F.2d

1236, 1239 (4th Cir. 1989). This doctrine is so well settled that only a limited citation of authorities is possible here. *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *Barret v. Baylor*, 457 F.2d 119, 124 n.2 (7th Cir. 1972); *United States ex rel. Geisler v. Walters*, 510 F.2d 887 (3rd Cir. 1975); *Rhodes v. Houston,* 309 F.2d 959 (8th Cir. 1962); *St. Paul Fire & Marine Insurance Company v. Cunningham,* 257 F.2d 731 (9th Cir. 1958).

Because the plaintiff has 'struck out" in the United States District Court for the District of Columbia (if not also in other districts), he cannot maintain the present action in this Court. The plaintiff does not allege that he is "under imminent danger of serious physical injury," the sole exception to the "three strikes" rule. The United States Court of Appeals for the Second Circuit has held that in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." The Second Circuit also noted unanimity among the federal circuits addressing this issue. *Malik v. McGinnis,* 293 F.3d 559, 561-562 (8th Cir. 2002), citing *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 313 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); and *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

PRE-FILING INJUNCTION

By Order of this Court dated January 21, 2004, the plaintiff is subject to a prefiling injunction in any federal court litigation in the District of South Carolina. *See*

4

Civil Action No. 8:03-3882-HMH, Docket Entry 5.

RECOMMENDATION

Since the plaintiff is already "struck out," the imposition of further strikes would serve no purpose. For the foregoing reasons, it is recommended that the action simply be dismissed with prejudice. **The plaintiff's attention is directed to the important notice on the following page.**

                                                                               s/Bruce Howe Hendricks
                                                                               United States Magistrate Judge

January 14, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).